■ In the Matter of WALTER SIBEN, an Attorney.— Application by an attorney, who had been suspended from practice and whose period of suspension has expired, for reinstatement as an attorney and counsellor-at-law. The application was referred for investigation and report to the Committee on Character and Fitness. The committee's report has been received by the court. Application granted; the applicant's name to be restored to the roll of attorneys and counsellors-at-law. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ In the Matter of S. WALTER FRANK, an Attorney, Respondent. BAR ASSOCIATION OF NASSAU COUNTY, NEW YORK, INC., Petitioner.— Motion by respondent for reconsideration of the motion to confirm the Referee's report and of the court's decision, rendered January 7, 1963 (*ante*, p. 817), directing that respondent be disbarred; or for leave to appeal to the Court of Appeals from the order entered thereon. Motion denied. Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.

■ In the Matter of ARTHUR F. FERGUSON, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, Respondent.— Motion by respondent to dismiss proceeding, transferred to this court by order of the Supreme Court, Queens County, dated February 28, 1962, granted, without costs; proceeding dismissed. Kleinfeld, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

## (February 25, 1963)

■ ALICE COOPER et al., Respondents, v. UNITED VETERANS MUTUAL HOUSING CO., INC., Appellant.— In a negligence action to recover damages for personal injury, loss of services and medical expenses, defendant appeals from an order of the Supreme Court, Queens County, dated September 5, 1962, which denied its motion to dismiss the complaint for lack of prosecution (Civ. Prac. Act., § 181; Rules Civ. Prac., rule 156). Order reversed, without costs, and motion granted. Defendant's motion to dismiss the complaint was made approximately 33 months after joinder of issue. In opposition, plaintiffs failed to submit an affidavit setting forth the merits of their action. Nor did the plaintiffs or their attorneys attempt to explain the unusual delay in the prosecution of the action. An affidavit by one of plaintiffs' attorneys stated merely that a note of issue had been served. Service of the note of issue occurred subsequent to defendant's motion. Upon such a showing there was no adequate basis for the Special Term's exercise of discretion to deny the defendant's motion to dismiss the complaint for lack of prosecution (see *Costanzo* v. *Schwedler*, 14 A D 2d 814). Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.